

Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
Elizabeth Esparza-Cervantes, SBN 205412
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
Telephone: (213) 894-1082
Facsimile: (213) 894-1301

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION



**ORIGINAL**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> CAESARS ENTERTAINMENT, INC., d/b/a RENO HILTON, PARK PLACE ENTERTAINMENT CORPORATION, d/b/a RENO HILTON and DOES 1 - 10, inclusive, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT- CIVIL RIGHTS EMPLOYMENT DISCRIMINATION** <br> (42 U.S.C. §§ 2000e, *et seq.*) <br><br> **JURY TRIAL DEMAND** <br><br> CV-N-04-0276-DWH-VPC |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices. Plaintiff United States Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that Defendants Caesars Entertainment, Inc., d/b/a Reno Hilton, Park Place Entertainment Corporation, d/b/a Reno Hilton and Doe Defendants 1-10 (all named and unnamed Defendants are collectively referred to as "Defendants") subjected Charging Party Rosa

1  Gonzalez de Moreno ("Ms. Gonzalez de Moreno") and a class of other similarly
2  situated female employees ("class members") to sex harassment. The
3  Commission further alleges that Defendant retaliated against Ms. Gonzalez de
4  Moreno for complaining about the sex harassment.

## JURISDICTION AND VENUE

6  1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,
7  1331, 1337, 1343 and 1345.

8  2.  This action is authorized and instituted pursuant to Section 706(f)(1)
9  and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §
10 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of
11 1991, 42 U.S.C. § 1981a.

12 3.  The employment practices alleged to be unlawful were and are now
13 being committed within the jurisdiction of the United States District Court for the
14 District of Nevada.

## PARTIES

16 4.  Plaintiff, U.S. Equal Employment Opportunity Commission, is the
17 federal agency charged with the administration, interpretation and enforcement of
18 Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and
19 (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

20 5.  At all relevant times, Defendant Caesars Entertainment, Inc., d/b/a
21 Reno Hilton has continuously been doing business in the State of Nevada, and in
22 Washoe County. At all relevant times, Defendants have continuously employed
23 fifteen (15) or more persons.

24 6.  At all relevant times, Defendant Park Place Entertainment
25 Corporation, d/b/a Reno Hilton has continuously been doing business in the State
26 of Nevada, and in Washoe County. At all relevant times, Defendants have
27 continuously employed fifteen (15) or more persons.
28 ///

2

7. At all relevant times, Defendants have continuously engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8. Plaintiff is ignorant of the true names and capacities of Defendants sued as Doe Defendants 1 through 10, inclusive, herein and therefore Plaintiff sues said Defendants by such fictitious names. Plaintiff reserves the right to amend the complaint to name the Doe Defendants as they become known. Plaintiff alleges that each of the Defendants named as Doe Defendants was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when same shall have been ascertained by Plaintiff.

9. It is further alleged on information and belief that Defendant Caesars Entertainment, Inc., d/b/a Reno Hilton, Park Place Entertainment Corporation, d/b/a Reno Hilton, and the Doe Defendants are alter egos of one another.

10. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, employee or under the direction and control of the others, except as otherwise specifically alleged. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## STATEMENT OF CLAIMS

11. More than thirty days prior to the institution of this lawsuit, Ms. Gonzalez de Moreno filed a Charge of Discrimination with the Commission alleging violations of Title VII by Defendants. The Commission investigated and

1  issued a Letter of Determination finding that Ms. Gonzalez de Moreno and a class
2  of similarly situated females were subjected to unlawful sex harassment and that
3  Ms. Gonzalez de Moreno was subjected to retaliation for complaining about sex
4  harassment in violation of Title VII. All conditions precedent to the institution of
5  this lawsuit have been fulfilled.

6    12.    Since in or about at least 2002, Defendants have engaged in unlawful
7  employment practices at its Reno, Nevada location, in violation of Section 703(a)
8  of Title VII, 42 U.S.C. §2000e-2(a)(1) by subjecting Ms. Gonzalez de Moreno
9  and other similarly situated female employees to sex harassment. The sex
10 harassment Ms. Gonzalez de Moreno and the other female employees were
11 subjected to, included but was not limited to, egregious and sometimes violent
12 sex harassment resulting in physical injury, unwelcome physical touching,
13 grabbing, forcibly undressing, choking, fondling and rubbing by Defendants'
14 employees as well as sexually charged, derogatory and/or demeaning comments
15 and speech and/or conduct by the victim's co-workers and/or supervisors.
16 Defendants, through their supervisors who witnessed and did nothing and/or
17 participated in such conduct, ratified the sex harassment.

18    13.    When Ms. Gonzalez de Moreno rebuked and/or complained about
19 the sex harassment, Defendants' supervisors ostracized her and reduced her job
20 duties resulting in a tangible employment action. Defendants also failed to take
21 immediate and effective corrective action to prevent the harassment despite
22 repeated complaints from Ms. Gonzalez de Moreno and/or other female
23 employees about the harassment.

24    14.    The effect of the practice(s) complained of in paragraphs 12 and 13
25 above has been to deprive Ms. Gonzalez de Moreno and other similarly situated
26 female employees of equal employment opportunities and otherwise adversely
27 affect their status as employees because of their sex and because Ms. Gonzalez de
28 Moreno complained about sex harassment.

4

15. Since in or about at least **2002, Defendants** have engaged in unlawful employment practices at its Reno, Nevada location, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by subjecting Ms. Gonzalez de Moreno to retaliation for complaining about sex harassment.

16. The effect of the practices complained of above in paragraph 15 has been to deprive Ms. Gonzalez de Moreno of equal employment opportunities and to otherwise adversely affect her employment status because she engaged in activity protected under Title VII.

17. The unlawful employment practices complained of in paragraphs 12 through 16 above were intentional.

18. The unlawful employment practices complained of in paragraphs 12 through 16 above were done with malice or with reckless indifference to the federally protected rights of Ms. Gonzalez de Moreno and other similarly situated female employees.

19. As a direct and proximate result of the aforesaid acts of Defendants, Ms. Gonzalez de Moreno and other similarly situated female employees have each suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and damages, according to proof.

20. As a direct and proximate result of the aforesaid acts of Defendants, Ms. Gonzalez de Moreno and other similarly situated female employees suffered a loss of earnings, compensation, benefits, and/or other pecuniary losses in an amounts according to proof.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their respective officers, successors, assigns, agents, alter egos, and/or all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex and/or constitutes sexual harassment;

5

1      B.    Grant a permanent injunction enjoining Defendants, their respective
2 officers, successors, assigns, agents, alter egos, and/or all persons in active
3 concert or participation with them, from retaliating against any employee who
4 engages in any protected activity under Title VII;

5     C.    Order Defendants to institute and carry out policies, practices, and
6 programs which provide equal employment opportunities for women, and which
7 eradicate the effects of its past and present unlawful employment practices;

8     D.    Order Defendants to make whole Ms. Gonzalez de Moreno and other
9 similarly situated female employees, by providing appropriate backpay with
10 prejudgment interest, and front pay in amounts to be determined at trial, and/or
11 other affirmative relief necessary to eradicate the effects of its unlawful
12 employment practices;

13     E.    Order Defendants to make whole Ms. Gonzalez de Moreno and other
14 similarly situated female employees, by providing compensation for past and
15 future pecuniary losses, including but not limited to losses resulting from out of
16 pocket expenses, and/or other affirmative relief necessary to eradicate the effects
17 of its unlawful employment practices;

18     F.    Order Defendants to make whole Ms. Gonzalez de Moreno and other
19 similarly situated female employees by providing compensation for past and
20 future non-pecuniary losses resulting from the unlawful practices complained of
21 in paragraphs 12 through 16 above, including, but not limited to emotional pain,
22 suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to
23 be determined at trial;

24     G.    Order Defendants to pay Ms. Gonzalez de Moreno and other
25 similarly situated female employees punitive damages for its malicious and
26 reckless conduct described in paragraphs 12 through 16 above, in amounts to be
27 determined at trial;
28 ///

1  H.   Grant such further relief as the Court deems necessary and proper in
2  the public interest; and
3  I.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated:   May 27, 2004            Respectfully Submitted,

ERIC S. DREIBAND
General Counsel

JAMES LEE,
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C.  20507

ANNA Y. PARK
Regional Attorney

SUE J. NOH
Trial Attorney

ELIZABETH ESPARZA-CERVANTES
Trial Attorney

U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 E. Temple Street, 4th Floor
Los Angeles, CA 90012

BY: _____
ANNA Y. PARK
Regional Attorney

Attorneys for Plaintiff U.S. Equal
Employment Opportunity Commission

tp